# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF SOUTH CAROLINA
# ORANGEBURG DIVISION

| | |
|---|---|
| BI-LO, LLC, | ) |
|           Petitioner | ) Civil Action No.: 5:19-cv-03213-JMC |
| v. | ) **ORDER AND OPINION** |
| Alfreida Parker, | ) |
|           Respondent. | ) |

Petitioner BI-LO, LLC filed a Petition to Compel Arbitration (ECF No. 1) between Petitioner and Respondent Alfreida Parker, pursuant to 9 U.S.C. § 4 ("Federal Arbitration Act"), S.C. Code Ann. § 15-48-20 (West 2020), and any other applicable law. Respondent filed a Memo in Opposition to Arbitration. (ECF No. 2.) For the reasons set forth below, the court **DENIES** Petitioner's Petition to Compel Arbitration. (ECF No. 1.)

## I.     FACTUAL AND PROCEDURAL BACKGROUND

On or about September 6, 2016, Petitioner alleges that Respondent applied for and received an "SE Grocers Rewards Card" (hereinafter the "Card") which afforded various discounts on items in Petitioner's stores. (ECF No. 1 at ¶ 6.) In exchange for receipt of this Card, Petitioner alleges that Respondent agreed to terms and conditions governing her conduct and business with Petitioner. *Id.* Petitioner alleges that, at her deposition on October 10, 2019, Respondent admitted that she had previously obtained a Card and had thus assented to the terms of the Agreement. (ECF No. 1 ¶ 7.)

On July 2, 2017, Respondent alleges that she was shopping at one of Petitioner's grocery stores in Orangeburg, South Carolina, when an off-duty Orangeburg Department of Public Safety

1

("ODPS") police officer spoke with one of Petitioner's employees to relay suspicions of shoplifting. (ECF No. 1-1 at 2–3.) After leaving Petitioner's store, Respondent claims she was pulled over, questioned, and arrested on suspicion of shoplifting by another, uniformed ODPS officer. *Id.* Respondent subsequently brought a civil action in the Orangeburg County Court of Common Pleas on March 5, 2019, against Petitioner for cooperating with law enforcement personnel. (ECF No. 1-1.) In her state court filings, Respondent has pleaded causes of action for negligence, gross negligence, false imprisonment, and malicious prosecution. *Id.*

Petitioner moves this court to issue an Order compelling arbitration as to any claims between Petitioner and Respondent, pursuant to Section 4 of the Federal Arbitration Act, 9 U.S.C. § 4. (ECF No. 1.) Petitioner alleges the Agreement mandates binding arbitration to resolve any disputes between the Parties, including disputed tort claims. (ECF No. 1 ¶ 9.) Specifically, Petitioner alleges that the Agreement provides that the Parties shall submit to arbitration governed by the Federal Arbitration Act and conducted pursuant to the rules and procedures of the American Arbitration Association. *Id.* In capitalized letters, the Agreement includes a waiver of rights to trials by jury and to litigate any claims in court. *Id.* On December 3, 2019, Respondent filed a Memorandum in Response to Petition to Compel Arbitration. (ECF No. 2.) On December 6, 2019, Petitioner filed a Reply to Respondent's Memorandum in Response to Petition to Compel Arbitration. (ECF No. 3.)

## II.     LEGAL STANDARD

In deciding whether the parties have agreed to submit a particular grievance to arbitration, a court is not to rule on the potential merits of the underlying claims. *Zabinski v. Bright Acres Assocs.*, 553 S.E.2d 110, 118 (S.C. 2001). To decide whether an arbitration agreement encompasses a dispute, a court must determine whether the factual allegations underlying the claim

are within the scope of the arbitration clause. *Hinson v. Jusco Co.*, 868 F. Supp. 145, 149 (D.S.C. 1994); *S.C. Pub. Serv. Auth. v. Great W. Coal*, 437 S.E.2d 22, 25 (S.C. 1993). The policy of the United States and South Carolina is to favor arbitration of disputes. *Tritech Elec., Inc. v. Frank M. Hall & Co.*, 540 S.E.2d 864, 865 (S.C. Ct. App. 2000). The general rule is arbitration is typically favored and ordered "unless a court can say with positive assurance that an arbitration clause is not susceptible to any interpretation that covers the dispute." *Gissel v. Hart*, 676 S.E.2d 320, 323 (S.C. 2009).

Although policy favors arbitration, federal courts have the authority to evaluate the validity of arbitration agreements. *See Prima Paint Corp. v. Flood & Conklin Mfg. Co.*, 388 U.S. 395, 403–04 (1967). It is well established that "a party can compel arbitration under the [Federal Arbitration Act] if it establishes: (1) the existence of a dispute between the parties; (2) a written agreement that includes an arbitration provision purporting to cover the dispute that is enforceable under general principles of contract law; (3) the relationship of the transaction, as evidenced by the agreement, to interstate or foreign commerce; and (4) the failure, neglect or refusal of a party to arbitrate the dispute." *Am. Gen. Life & Accident Ins. Co. v. Wood*, 429 F.3d 83, 87 (4th Cir. 2005); *Whiteside v. Teltech Corp.*, 940 F.2d 99, 102 (4th Cir. 1991).

### III. JURISDICTION

While the case is still pending in Orangeburg County Court of Common Pleas, the United States Supreme Court has ruled "'the pendency of an action in the state court is no bar to proceedings concerning the same matter in the Federal Court having jurisdiction,' and that the federal courts have a 'virtually unflagging obligation . . . to exercise the jurisdiction given them.'" *Moses H. Cone Memorial Hosp. v. Mercury Const. Co.*, 460 U.S. 1, 15 (1983) (citing *Colo. River Water Conservation Dist. v. United States*, 424 U.S. 800, 817 (1910)). Therefore, so long as the

court has original jurisdiction, the pendency of a state action does not bar the federal district court from exercising its jurisdiction.

Defendant(s), or as in this case Petitioner, "may, at any time before the trial thereof, remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending." 9 U.S.C. § 205. The court must have original jurisdiction over the claim(s) either under 28 U.S.C. § 1331 or § 1332. The FAA, alone, does not supply jurisdiction to the court under 28 U.S.C. § 1331 because, although it is federal law, "it does not create any independent federal-question jurisdiction." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 25 n.32. Thus, the court does not have subject matter jurisdiction under 28 U.S.C. § 1331.

The court must have jurisdiction under 28 U.S.C. § 1332, where a federal district court has subject matter jurisdiction through diversity of citizenship when the action is between citizens of different states and the amount in controversy is greater than $75,000.00. 28 U.S.C. § 1332(a). The Supreme Court has held that, "there must be diversity of citizenship or some other independent basis for federal jurisdiction before the order [compelling arbitration] can issue." *Moses H. Cone Memorial Hosp.*, 460 U.S. at 25 n.32 (citing *Commercial Metals Co. v. Balfour, Guthrie & Co.*, 577 F.2d 264, 268–69 (5th Cir. 1978)). It is evident that there is diversity of citizenship among the parties since Respondent is an individual citizen and resident of Orangeburg County, South Carolina and Petitioner is a limited liability company formed under the laws of the State of Florida. (ECF No. 1 at 2 ¶¶ 4–5.)

In determining the amount in controversy for federal diversity jurisdiction, the court must examine the complaint at the time of removal. *Thompson v. Victoria Fire & Cas. Co.*, 32 F. Supp.2d 847, 848 (D.S.C.1999) (citing *St. Paul Mercury Indem. Co. v. Red Cab Co.,* 303 U.S. 283,

292 (1938)). Where a complaint does not specify an amount, "the object which is sought to be accomplished by the plaintiff may be looked to in determining the value of the matter in controversy." *Mattison v. Wal–Mart Stores, Inc.,* No. 6:10-cv-01739-JMC, 2011 WL 494395, at *2 (D.S.C. Feb. 4, 2011) (internal citation and quotations omitted). Where the plaintiff has alleged an indeterminate amount of damages, courts may consider the plaintiff's claims, as alleged in the complaint, the notice of removal filed with a federal court, and other relevant materials in the record. *Id.* Courts include claims for punitive and consequential damages as well as attorney fees and costs in assessing whether the amount in controversy is satisfied to establish diversity jurisdiction. *Id.; see also Thompson,* 32 F. Supp.2d at 849 (holding the amount in controversy indisputably exceeds $75,000.00 where complaint sought consequential damages, punitive damages, and attorneys' fees and costs beyond the $25,000.00 in actual damages claimed).

    Based on the information provided, there is not sufficient information or evidence to determine whether the amount in controversy has been met. The filing fee for the Petition to Compel Arbitration was $400.00. (ECF No. 1.) However, there is no evidence presented for the court to determine the amount for punitive or consequential damages, actual damages claimed, attorneys' fees, or other costs in order to get past the $75,000.00 threshold requirement. In the Amended Complaint, the amount of damages was "to be determined by the trier of fact." (ECF No. 1-1 at 5.) Respondent claims that she was "entitled to judgment against the Defendants for actual and punitive damages as sought herein, for the costs of this action, and for such other and further relief as the Court may deem just and proper." *Id.* Additionally, the party asserting federal jurisdiction generally bears the burden of establishing that federal jurisdiction exists. *See In re Business Men's Assurance Co. of America*, 992 F.2d 181, 183 (8th Cir. 1993). Petitioner has not met the burden of establishing that federal jurisdiction exists and since there is no evidence

presented to determine the amount in controversy, the court cannot exercise diversity jurisdiction over the claims.

IV.    ANALYSIS

The Federal Arbitration Act "governs the rights and responsibilities of the parties with respect to an arbitration agreement." *Forrester v. Penn Lyon Homes, Inc.*, 553 F.3d 340, 342 (4th Cir. 2009). The Federal Arbitration Act § 4 applies to disputes when:

> "a party aggrieved by the alleged failure, neglect, or refusal of another to arbitrate under a written agreement for arbitration may petition any United States district court . . . in a civil action . . . for an order directing that such arbitration proceed in the manner provided for in such agreement."

9 U.S.C. § 4.

As noted above, arbitration is generally preferred and "courts generally hold broadly-worded arbitration agreements apply to disputes in which a 'significant relationship' exists between the asserted claims and the contract in which the arbitration clause is contained." *Gissel v. Hart*, 676 S.E.2d 320, 323 (S.C. 2009). Respondent objects to Petitioner's Petition to Compel Arbitration on the following two grounds: (1) the arbitration clause in the SE Grocer's Rewards Terms and Conditions is inapplicable because Respondent was not a fully enrolled member, and (2) Respondent's claims lack arbitrability and thus are not subject to arbitration. The court addresses each of these grounds below respectively.

1.    **The Applicability of the Arbitration Clause.**

Respondent first objects to the Petition on the grounds that the SE Grocers Rewards terms and conditions only apply to fully enrolled "members" and Respondent was not a fully enrolled "member." (ECF No. 2 at 1.)

Although Petitioner has provided some evidence that Respondent has a history of using the Rewards Card from September 2016–November 2017 (ECF No. 1-3) and that she provided

6

Petitioner with personal information such as her name, address, and phone number in order to utilize the Card, there is no other evidence to indicate that Respondent thereby consented to the terms and conditions of the Agreement. As noted by the Agreement, in order for the Agreement to apply the individual must "finish registration at www.SEGrewards.com or by calling 1-844-745-0463 . . . [and] just receiving an SE Grocers rewards card or providing partial enrollment information does not make you a fully enrolled Member." (ECF No. 1-2 at 1.) No such evidence has been presented by Petitioner to indicate whether Respondent actually completed registration through the website or the phone number. Although there is evidence that Respondent has provided the personal information, the Agreement also states that "[t]o finish the registration process, you must also acknowledge receipt of these Terms . . . ." (ECF No. 1-2 at 2.) Petitioner has not set forth sufficient evidence regarding whether Respondent actually acknowledged and agreed to the Terms of the Agreement. The court finds that the Agreement supports that Respondent was not a fully enrolled member and therefore, Respondent cannot be held accountable to the Arbitration Provision within the Agreement.

        **2.**      **The Arbitrability of Respondent's Claims.**

Respondent's second objection is regarding the arbitrability of the claims set forth in the original, state court complaint. (ECF No. 2 at 2.) Based on Respondent's objection, there is only a dispute over one of the four prerequisites for compelling arbitration.

To decide whether an arbitration agreement encompasses a dispute, a court must determine whether the factual allegations underlying the claim are within the scope of the arbitration clause. *Hinson v. Jusco Co.*, 868 F. Supp. 145, 149 (D.S.C. 1994); *S.C. Pub. Serv. Auth. V. Great W. Coal*, 437 S.E.2d 22, 25 (S.C. 1993). The court finds that none of Respondent's claims are covered within the Arbitration Provision:

> "(c) 'claim' means any current or future claim, dispute to controversy relating to *SE Grocers rewards*, including these Terms, except for the validity, enforceability, or scope of this arbitration provision. Claim includes but is not limited to . . . (2) claims based upon contract, tort, fraud, statute, regulation, common law and equity . . . ."

(ECF No. 1-2 at 7 (emphasis added).)

There has been no evidence presented to the court for there to be a showing of anything but that Respondent's claims do not involve the SE Grocer's Rewards. According to the Summons, (ECF No. 1-1), the entire litigation involves an alleged shoplifting incident at an individual store. The Arbitration provision presented in the Agreement states that only claims *relating to SE Grocers Rewards* are subject to arbitration. (ECF No. 1-2 at 7 (emphasis added).) The claims presented by Respondent do not even mention the SE Grocers Rewards and mainly focuses on the alleged shoplifting incident. Since there is no other evidence presented, the court cannot find that Respondent's claims are arbitrable under the Agreement.

## V.     CONCLUSION

Based on the above reasoning, the court finds that Respondent did not consent to the Terms found in the Agreement and her claims were not covered in the Agreement. Additionally, the court cannot grant Petitioner's Petition because the court does not have subject matter jurisdiction under 28 U.S.C. § 1332. Accordingly, Petitioner's Petition to Compel Arbitration is **DENIED**.

**IT IS SO ORDERED.**

*J. Michelle Childs*

United States District Judge

June 29, 2020
Columbia, South Carolina